Tyler J. Woods, Bar No. 232464
twoods@trialnewport.com
NEWPORT TRIAL GROUP
4100 Newport Place, Suite 800
Newport Beach, CA 92660
Tel: (949) 706-6464
Fax: (949) 706-6469

*Attorneys for Plaintiff Shipping and Transit, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIPPING AND TRANSIT LLC, a Florida Limited Liability Corporation,<br><br>    Plaintiff,<br><br>    vs.<br><br>LANEAXIS, INC., a Delaware Corporation; and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Case No. 2:16-cv-3953<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED**<br><br>Complaint Filed:  N/A<br>Trial Date:          N/A |

NEWPORT TRIAL
GROUP

## COMPLAINT FOR PATENT INFRINGEMENT

For its Complaint, Plaintiff Shipping and Transit LLC ("Plaintiff"), by and through the undersigned counsel, alleges as follows:

## THE PARTIES

1.     Plaintiff is a company organized and existing under the laws of Florida and having an address at 711 SW 24th, Boynton Beach, Florida 33435.

2.     On information and belief, defendant Laneaxis, Inc. ("Defendant") is a corporation existing under the laws of Delaware.

3.     The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

## JURISDICTION AND VENUE

4.     This is a suit for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 *et seq.*

5.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

7.     Upon information and belief, Defendant conducts substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in this forum.

/ / /

/ / /

NEWPORT TRIAL
GROUP

**THE PATENTS-IN-SUIT**

8.      On November 13, 2001, United States Patent No. 6,317,060 ("the '060 Patent"), entitled "Base station system and method for monitoring travel of mobile vehicles and communicating notification messages," was duly and lawfully issued by the U.S. Patent and Trademark Office.  A true and correct copy of the '060 Patent is attached as Exhibit A.

9.      On July 2, 2002, United States Patent No 6,415,207 ("the '207 Patent"), entitled, "System and Method for Automatically Providing Vehicle Status Information" was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '207 Patent is attached as Exhibit B to this complaint.

10.     On July 13, 2004 United States Patent No. 6,763,299 ("the '299 Patent"), entitled, "Notification systems and methods with notifications based upon prior stop locations" was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '299 Patent is attached as Exhibit C to this complaint.

11.     Plaintiff is the assignee and owner of the right, title and interest in and to the '060 Patent, '207 Patent, and '299 Patent including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

**DEFENDANT'S INFRINGEMENTS**

12.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '060 Patent, '207 Patent, and '299 Patents by making, using, offering for sale and/or selling within this district and elsewhere in the United States a computer based notification system that enables communication with a user that is designed to receive delivery of a package and provides a means for requesting entry by user of a package identification number.

13.     By way of example, Defendant's ship notice/manifest, sometimes referred to as the Advanced Shipment Notice (ASN), or the 856 EDI document, is generated when a user at a computer system elects to purchase an item via Defendant's website and enters an email address as part of the purchase process.  Defendant explains by purchasing they

NEWPORT TRIAL
GROUP

COMPLAINT FOR PATENT INFRINGEMENT

will be provided "order confirmation" and more importantly "shipment confirmation" by selecting to purchase from their website. When a user selects a method of shipping when purchasing an item from Defendant's website, a user necessarily is required to elect a shipping method that allows tracking. Once this election is made, and as the order is processed, shipment confirmations are sent based on a tracking input when the package starts its route (likely pick-up, placed on conveyer belt and/or scanned out to loading dock/out of warehouse, etc.) to its destination (delivery address). This process is evidenced on Defendant's web page:

## GETTING STARTED

Once registered with LaneAxis (a simple 3-step process), Shippers will enjoy nearly FULL AUTOMATION of all key functions in the Shipper-Carrier relationship.

Drivers must accept the Shipper contract electronically. All insurance, compliance, and CSA issues are managed and monitored electronically.

Load pickup, transit, and delivery, are all monitored electronically. Even unexpected issues occurring during transport can be handled electronically (Damaged carrier vehicle for example).

And every step along the way, you can generate real-time, on-demand reports featuring every metric you need to stay compliant, confident, and headache-free.

Registration is FREE for both Shipper and Carrier.

No expensive front-loaded investments. No risky software overhauls or time-consuming training sessions.

http://laneaxis.com/how-it-works/

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





http://laneaxis.com/how-it-works/



https://itunes.apple.com/us/app/laneaxis/id1025713614?mt=8

## <u>COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,317,060</u>

14.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 13 as if fully set forth herein.

/ / /

15.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '060 Patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States, computer-based notification systems and methods which at least provide shipment confirmation of impending deliveries at a user's home or business address via email.

16.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringement of the '060 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

17.     Prior to the filing of this Complaint, Plaintiff, by letter dated April 14, 2016, informed Defendant of Defendant's infringement of the '060 Patent.

18.     Thus, Defendant has been on notice of the '060 Patent since at least the date it received Plaintiff's letter dated April 14, 2016.

19.     Upon information and belief, Defendant has not altered its infringing conduct after receiving Plaintiff's letter dated April 14, 2016.

20.     Upon information and belief, Defendant's continued infringement despite its knowledge of the '060 Patent and the accusations of infringement has been objectively reckless and willful.

### **COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,415,207**

21.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 20 as if fully set forth herein.

22.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '207 Patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States, by Defendant's users selecting an Advance Ship Notice that tells the buyer or recipient the contents of a shipment, timing of the shipment, delivery location of the shipment, the mode of transportation and/or other shipment information.

/ / /

NEWPORT TRIAL
GROUP

23.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringement of the '207 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

24.     Prior to the filing of this Complaint, Plaintiff, by letter dated April 14, 2016, informed Defendant of Defendant's infringement of the '207 Patent.

25.     Thus, Defendant has been on notice of the '207 Patent since at least the date it received Plaintiff's letter dated April 14, 2016.

26.     Upon information and belief, Defendant has not altered its infringing conduct after receiving Plaintiff's letter dated April 14, 2016.

27.     Upon information and belief, Defendant's continued infringement despite its knowledge of the '207 Patent and the accusations of infringement has been objectively reckless and willful.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 6,763,299

28.     Plaintiff repeats and realleges the allegations of paragraphs 1 through 27 as if fully set forth herein.

29.     Without license or authorization and in violation of 35 U.S.C. § 271(a), Defendant has infringed and continues to infringe the '299 Patent by making, using, offering for sale and/or selling within this district and elsewhere in the United States, by providing a system for automatically reporting the travel status of vehicles in response to requests by users at remote locations.

30.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's infringement of the '299 Patent in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

31.     Prior to the filing of this Complaint, Plaintiff, by letter dated April 14, 2016, informed Defendant of Defendant's infringement of the '299 Patent.

/ / /

NEWPORT TRIAL
GROUP

COMPLAINT FOR PATENT INFRINGEMENT

32.    Thus, Defendant has been on notice of the '299 Patent since at least the date it received Plaintiff's letter dated April 14, 2016.

33.    Upon information and belief, Defendant has not altered its infringing conduct after receiving Plaintiff's letter dated April 14, 2016.

34.    Upon information and belief, Defendant's continued infringement despite its knowledge of the '299 Patent and the accusations of infringement has been objectively reckless and willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court enter judgment against Defendant as follows:

A.    An adjudication that Defendant has infringed the '060, '207, and '299 patents;

B.    An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '060, '207, and '299 patents and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

D.    To the extent Defendant's conduct subsequent to the date of its notice of the '060, '207, and '299 patents is found to be objectively reckless, enhanced damages pursuant to 35 U.S.C. § 284 for its willful infringement of the '060, '207, and '299 patents; and

/ / /

/ / /

/ / /

/ / /

/ / /

1    E.    An award to Plaintiff of such further relief at law or in equity as the Court

2    deems just and proper.

3

4    Respectfully submitted,

5    Dated:  June 6, 2016                NEWPORT TRIAL GROUP

6

7                                  By:   /s/Tyler J Woods

8                                        Tyler J. Woods
                                         Attorney for Plaintiff
                                         Shipping and Transit, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
NEWPORT TRIAL
GROUP

COMPLAINT FOR PATENT INFRINGEMENT

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Respectfully submitted,

Dated:  June 6, 2016                    NEWPORT TRIAL GROUP

By:   */s/Tyler J Woods*
                            Tyler J. Woods
                            Attorney for Plaintiff
                            Shipping and Transit, LLC